# Exhibit E



Secretary
U.S. Department of Homeland Security
Washington, DC 20528

November 20, 2014

MEMORANDUM FOR:   León Rodríguez
                 Director
                 U.S. Citizenship and Immigration Services

FROM:            Jeh Charles Johnson
                 Secretary

SUBJECT:         **Expansion of the Provisional Waiver Program**

By this memorandum, I hereby direct U.S. Citizenship and Immigration Services (USCIS) to issue new regulations and policies with respect to the use of the I-601A provisional waiver to all statutorily eligible applicants.

As you know, under current law certain undocumented individuals in this country who are the spouses and children of U.S. citizens and lawful permanent residents, and who are statutorily eligible for immigrant visas, must leave the country and be interviewed at U.S. consulates abroad to obtain those immigrant visas. If these qualifying individuals have been in the United States unlawfully for more than six months and later depart, they are, by virtue of their departure, barred by law from returning for 3 or 10 years.[1] Current law allows some of these individuals (*i.e.*, a spouse, son, or daughter of a U.S. citizen or permanent resident) to seek a waiver of these 3- and 10-year bars if they can demonstrate that absence from the United States as a result of the bar imposes an "extreme hardship" to a U.S. citizen or lawful permanent spouse or parent.[2] But, prior to 2013, the individual could not apply for the waiver until he or she had left the country for a consular interview.

In January 2013, the Department of Homeland Security (DHS) published a regulation establishing a process that allows a subset of statutorily eligible individuals to apply to USCIS for a waiver of the 3- and 10-year bars <u>before</u> departing abroad for consular interviews.[3] This "provisional" waiver provided eligible individuals with some

---

[1] Immigration and Nationality Act (INA) § 212(a)(9)(B)(i), 8 U.S.C. § 1182(a)(9)(B)(i).

[2] INA § 212(a)(9)(B)(v), 8 U.S.C. § 1182(a)(9)(B)(v).

[3] See *Provisional Unlawful Presence Waivers of Inadmissibility for Certain Immediate Relatives*, Fed. Reg. 78-2, 551 (Jan. 3, 2013).

1

level of certainty that they would be able to return after a successful consular interview and would not be subject to lengthy overseas waits while the waiver application was adjudicated.[4]  However, the 2013 regulation extended the provisional waiver process only to the spouses and children of U.S. citizens.  In 2013 we did not initially extend the provisional waiver to other statutorily eligible individuals—*i.e.,* the spouses and children of lawful permanent residents and the adult children of U.S. citizens and lawful permanent residents—to assess the effectiveness and operational impact of the provisional waiver process.  To date, approximately 60,000 individuals have applied for the provisional waiver, a number that, as I understand, is less than was expected.

Today, I direct DHS to amend its 2013 regulation to expand access to the provisional waiver program to all statutorily eligible classes of relatives for whom an immigrant visa is immediately available.  The purpose behind today's announcement remains the same as in 2013—family unity.

As a related matter, I hereby direct USCIS to provide additional guidance on the definition of "extreme hardship."  As noted above, to be granted a provisional waiver, applicants must demonstrate that their absence from the United States would cause "extreme hardship" to a spouse or parent who is a U.S. citizen or lawful permanent resident.  The statute does not define the term, and federal courts have not specifically defined it through case law.[5]  It is my assessment that additional guidance about the meaning of the phrase "extreme hardship" would provide broader use of this legally permitted waiver program.

USCIS should clarify the factors that are considered by adjudicators in determining whether the "extreme hardship" standard has been met.  Factors that should be considered for further explanation include, but are not limited to: family ties to the United States and the country of removal, conditions in the country of removal, the age of the U.S. citizen or permanent resident spouse or parent, the length of residence in the United States, relevant medical and mental health conditions, financial hardships, and educational hardships.  I further direct USCIS to consider criteria by which a presumption of extreme hardship may be determined to exist.[6]

---

[4] 8 C.F.R. 212.7 (e)(3).

[5] *See Provisional Unlawful Presence Waivers of Inadmissibility for Certain Immediate Relatives,* Fed. Reg. 78-2, 551 (Jan. 3, 2013).

[6] Such a presumption was previously adopted by regulations implementing the 1997 Nicaraguan Adjustment and Central American Relief Act. Pub. L. No. 105–100. 8 C.F.R. 240.64(d).